# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| JUDGE: RENEE HARRIS TOLIVER | |
|---|---|
| DEPUTY CLERK: J. Amerson | COURT REPORTER/TAPE NO: FTR |
| LAW CLERK: | USPO/PTSO: |
| INTERPRETER: | COURT TIME: 5 min |
| A.M. 11:00      P.M. | DATE: April 19, 2019 |

☐ MAG. NO.    ☐ DIST. CR. NO. 3:19-mj-00353-BK    USDJ Magistrate Judge Renee Harris Toliver

UNITED STATES OF AMERICA    §    _____PO. Muill_____, AUSA
                            §
v.                          §    _____ ☐
                            §
                            §    _____John Nicholson_____ ☐
BRIAN HANNA (1)             §    COUNSEL FOR DEFENDANTS APPT – (A), Retd – (R), FPD – (F)

☒ INITIAL APPEARANCE  ☐ IDENTITY  ☐ BOND HEARING  ☐ PRELIMINARY HEARING
☐ DETENTION HEARING  ☐ COUNSEL DETERMINATION HEARING  ☐ REMOVAL HEARING  ☐ EXTRADITION HEARING
☐ HEARING CONTINUED ON _____ CASE NO. _____  ☐ OTHER DISTRICT  ☐ DIVISION
☒ DATE OF FEDERAL ARREST/CUSTODY: 04/19/2019  ☐ SURRENDER _____
☐ RULE 5/32  ☐ APPEARED ON WRIT
☒ DEFT FIRST APPEARANCE. DEFT ADVISED OF RIGHTS/CHARGES  ☐ PROBATION/SUPERVISED RELEASE VIOLATOR
☐ DEFT FIRST APPEARANCE WITH COUNSEL.
☐ DEFT  ☐ MW (MATERIAL WITNESS) _____ APPEARED  ☐ WITH  ☐ WITHOUT COUNSEL
☒ REQUESTS APPOINTED COUNSEL.
☒ FINANCIAL AFFIDAVIT EXECUTED.
☒ ORDER APPOINTING FEDERAL PUBLIC DEFENDER.
☐ PRIVATE COUNSEL APPOINTED _____
☐ DEFT HAS RETAINED COUNSEL _____
☐ ARRAIGNMENT SET  ☐ DETENTION HEARING SET _____

☐ PRELIMINARY HEARING SET _____  ☐ BOND HEARING SET _____
☐ COUNSEL DETERMINATION HEARING SET _____
☐ IDENTITY/REMOVAL HEARING SET _____
☐ BOND  ☐ SET  ☐ REDUCED TO $ _____  ☐ CASH  ☐ SURETY  ☐ 10%  ☐ PR  ☐ UNS  ☐ 3RD PTY  ☐ MW
☐ NO BOND SET AT THIS TIME, ___ DAY DETENTION ORDER TO BE ENTERED.
☐ ORDER OF TEMPORARY DETENTION/COMMITMENT PENDING HEARING ENTERED.
☐ ORDER OF DETENTION PENDING TRIAL ENTERED.
☐ DEFT ADVISED OF CONDITIONS OF RELEASE.
☐ BOND EXECUTED  ☐ DEFT  ☐ MW RELEASED  ☐ STATE AUTHORITIES  ☐ INS
☒ DEFT  ☐ MW REMANDED TO CUSTODY.
☒ DEFT ORDERED REMOVED TO ORIGINATING DISTRICT.
☒ WAIVER OF  ☐ PRELIMINARY HEARING  ☒ RULE 5/32 HEARING  ☐ DETENTION HEARING
☐ COURT FINDS PROBABLE CAUSE  ☐ ID  ☐ PC.
☐ DEFT FAILED TO APPEAR. ORAL ORDER FOR ISSUANCE OF BENCH WARRANT.
☐ GOVERNMENT TO NOTIFY FOREIGN CONSULAR.
☐ REMARKS: _____

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 19 2019
CLERK, U.S. DISTRICT COURT
By _____ Deputy

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRAND JURY H-18-2

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:19CR 74 JCH |
| v. | VIOLATIONS: |
| KEITH JORDAN, a.k.a. "Knowledge," <br> BRIAN HANNA, a.k.a. "Zo," <br> KATINA REED, a.k.a. "Tina," <br> DOMINGO ALVES, a.k.a. "Mingo," <br> SUNJI CRAMER, <br> PEDRO SANTOS, a.k.a. "Primo," <br> CARLOS MORAIS, a.k.a. "Los," <br> LARRY HALL, a.k.a. "Chuito" and "Bobo," <br> JEAN CARLOS FABAL-GONZALEZ, <br> LLIVER ABREU-BAEZ, a.k.a. "Domi" and "Papi," <br> JUNIO ACEVEDO, <br> MICHAEL ALTIERI, <br> LANCE BAPTISTE, <br> TIMOTHY BOOKER, a.k.a. "Book," <br> TYRELL CAMPBELL, a.k.a. "Bricks," <br> ROSEMARY COLON, <br> DAMON DAVIS, <br> DAVID FLAHERTY, <br> VINA FRAZIER, <br> JERMAINE FOSTER, <br> BIENVENIDO GONZALEZ, a.k.a. "Toto," <br> NAZARIEL GONZALEZ, <br> JOSE GONZALEZ, <br> JAMES TYRONE HAYES, a.k.a. "Ty," <br> OMAR HERNANDEZ, <br> JORDAN JAMISON, <br> KENDELL JORDAN, <br> KENT JORDAN, a.k.a. "KJ" and "Curtis," and <br> FRANCISCO LOPEZ | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C) and 846 (Conspiracy to Distribute, and to Possess with Intent to Distribute, Heroin, Cocaine and Cocaine Base) <br><br> 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Possession with Intent to Distribute and Distribution of Heroin) <br><br> 21 U.S.C. § 853 (Criminal Forfeiture) <br><br> 3:19-MJ-353 BK |

FILED

2019 MAR 13 P 3:51

US DISTRICT COURT
HARTFORD CT

INDICTMENT

The Grand Jury charges:

1

COUNT ONE
(Conspiracy to Distribute, and to Possess With Intent to Distribute,
Heroin, Cocaine and Cocaine Base)

1. From approximately February 2018 through approximately March 2019, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, defendants KEITH JORDAN, a.k.a. "Knowledge," BRIAN HANNA, a.k.a. "Zo," KATINA REED, a.k.a. "Tina," DOMINGO ALVES, a.k.a. "Mingo," SUNJI CRAMER, PEDRO SANTOS, a.k.a. "Primo," CARLOS MORAIS, a.k.a. "Los," LARRY HALL, a.k.a. "Chuito" and "Bobo," JEAN CARLOS FABAL-GONZALEZ, LLIVER ABREU-BAEZ, a.k.a. "Domi" and "Papi," JUNIO ACEVEDO, MICHAEL ALTIERI, LANCE BAPTISTE, TIMOTHY BOOKER, a.k.a. "Book," TYRELL CAMPBELL, a.k.a. "Bricks," ROSEMARY COLON, DAMON DAVIS, DAVID FLAHERTY, VINA FRAZIER, JERMAINE FOSTER, BIENVENIDO GONZALEZ, a.k.a. "Toto," NAZARIEL GONZALEZ, JOSE GONZALEZ, JAMES TYRONE HAYES, a.k.a. "Ty," OMAR HERNANDEZ, JORDAN JAMISON, KENDELL JORDAN, KENT JORDAN, a.k.a. "KJ" and "Curtis," FRANCISCO LOPEZ and others known and unknown to the Grand Jury, knowingly and intentionally conspired together and with one another to distribute, and to possess with intent to distribute, controlled substances, namely a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1).

QUANTITIES OF CONTROLLED SUBSTANCES INVOLVED IN THE CONSPIRACY

2. Defendants KEITH JORDAN, a.k.a. "Knowledge," BRIAN HANNA, a.k.a. "Zo," KATINA REED, a.k.a. "Tina," SUNJI CRAMER, DOMINGO ALVES, a.k.a. "Mingo," PEDRO

2

SANTOS, a.k.a. "Primo," LARRY HALL, a.k.a. "Chuito" and "Bobo," BIENVENIDO GONZALEZ, a.k.a. "Toto," and LLIVER ABREU-BAEZ, a.k.a. "Domi" and "Papi," knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(i).

3. Defendants JUNIO ACEVEDO, MICHAEL ALTIERI, ROSEMARY COLON, JAMES TYRONE HAYES, KENDELL JORDAN, DAMON DAVIS, TYRELL CAMPBELL, a.k.a. "Bricks," TIMOTHY BOOKER, a.k.a. "Book," VINA FRAZIER, DAVID FLAHERTY, JERMAINE FOSTER, NAZARIEL GONZALEZ, OMAR HERNANDEZ and FRANCISCO LOPEZ knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(i).

4. Defendants KENT JORDAN, a.k.a. "KJ" and "Curtis," LANCE BAPTISTE, CARLOS MORAIS, a.k.a. "Los," and JORDAN JAMISON knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

5. Defendants KEITH JORDAN, a.k.a. "Knowledge," PEDRO SANTOS, a.k.a. "Primo," CARLOS MORAIS, a.k.a. "Los," JEAN CARLOS FABAL-GONZALEZ, LARRY HALL, a.k.a. "Chuito" and "Bobo," JAMES TYRONE HAYES, MICHAEL ALTIERI and JUNIO

3

ACEVEDO knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(ii).

6. Defendant JOSE GONZALEZ knew and reasonably should have foreseen from his own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

7. Defendants CARLOS MORAIS, a.k.a. "Los," and JORDAN JAMISON knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 28 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(iii).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
(Possession with Intent to Distribute and Distribution of Heroin)

8. On or about July 12, 2018, in the District of Connecticut, the defendant KEITH JORDAN, a.k.a. "Knowledge," knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THREE
(Possession with Intent to Distribute and Distribution of Heroin)

4

9.  On or about July 18, 2018, in the District of Connecticut, the defendant KEITH JORDAN, a.k.a. "Knowledge," knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT FOUR
(Possession with Intent to Distribute and Distribution of Heroin)

10. On or about August 1, 2018, in the District of Connecticut, the defendant KEITH JORDAN, a.k.a. "Knowledge," knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT FIVE
(Possession with Intent to Distribute and Distribution of Heroin)

11. On or about August 14, 2018, in the District of Connecticut, the defendant KEITH JORDAN, a.k.a. "Knowledge," knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT SIX
(Possession with Intent to Distribute and Distribution of Heroin)

12. On or about September 12, 2018, in the District of Connecticut, the defendant KEITH JORDAN, a.k.a. "Knowledge," knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SEVEN
(Possession with Intent to Distribute and Distribution of Heroin)

13. On or about October 26, 2018, in the District of Connecticut, the defendants KENDALL JORDAN and KENT JORDAN, a.k.a. "KJ" and "Curtis," knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT EIGHT
(Possession with Intent to Distribute and Distribution of Heroin)

14. On or about November 3, 2018, in the District of Connecticut and elsewhere, the defendant JAMES TYRONE HAYES, a.k.a. "Ty," knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT NINE
(Possession with Intent to Distribute and Distribution of Heroin)

15. On or about November 13, 2018, in the District of Connecticut, the defendant KEITH JORDAN, a.k.a. "Knowledge," knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TEN
(Possession with Intent to Distribute and Distribution of Heroin)

16. On or about November 16, 2018, in the District of Connecticut, the defendant DOMINGO ALVES, a.k.a. "Mingo," knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT ELEVEN
(Possession with Intent to Distribute and Distribution of Heroin)

17. On or about November 21, 2018, in the District of Connecticut, the defendant DOMINGO ALVES, a.k.a. "Mingo," knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWELVE
(Possession with Intent to Distribute Heroin)

18. On or about December 1, 2018, in the District of Connecticut, the defendant KEITH JORDAN, a.k.a. "Knowledge," knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THIRTEEN
(Possession with Intent to Distribute and Distribution of Heroin)

19. On or about August 23, 2017, in the District of Connecticut, the defendant JORDAN JAMISON knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

FORFEITURE ALLEGATION
(Controlled Substances Offenses)

20. Upon conviction of one or more of the controlled substances offenses alleged in Counts One through Thirteen of this Indictment, the defendants KEITH JORDAN, a.k.a. "Knowledge," BRIAN HANNA, a.k.a. "Zo," KATINA REED, a.k.a. "Tina," DOMINGO ALVES, a.k.a. "Mingo," SUNJI CRAMER, PEDRO SANTOS, a.k.a. "Primo," CARLOS MORAIS, a.k.a. "Los," LARRY HALL, a.k.a. "Chuito" and "Bobo," JEAN CARLOS FABAL-GONZALEZ, LLIVER ABREU-BAEZ, a.k.a. "Domi" and "Papi," JUNIO ACEVEDO, MICHAEL ALTIERI, LANCE BAPTISTE, TIMOTHY BOOKER, a.k.a. "Book," TYRELL CAMPBELL, a.k.a. "Bricks," ROSEMARY COLON, DAMON DAVIS, DAVID FLAHERTY, VINA FRAZIER, JERMAINE FOSTER, BIENVENIDO GONZALEZ, a.k.a. "Toto," NAZARIEL GONZALEZ, JOSE GONZALEZ, JAMES TYRONE HAYES, a.k.a. "Ty," OMAR HERNANDEZ, JORDAN JAMISON, KENDELL JORDAN, KENT JORDAN, a.k.a. "KJ" and "Curtis," and FRANCISCO LOPEZ shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these violations and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

21. If any of the above-described forfeitable property, as a result of any act or omission of the defendants named in this Indictment: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or disposed with, a third person; (c) has been placed beyond the jurisdiction of the United States District Court for the District of Connecticut; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot

8

be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants, up to the value of the above-described forfeitable property.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
_____
FOREPERSON

UNITED STATES OF AMERICA

_____
JOHN H. DURHAM
UNITED STATES ATTORNEY

_____
S. DAVE VATTI
ASSISTANT UNITED STATES ATTORNEY

9